



**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**          GrantedPublicAccess   **Logoff WJAMESFOLAND**

1822-CC00869 - MARCIA CLARK V BALLPARK VILLAGE HOLDINGS BLOCK 600 (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

<u>Click here to eFile on Case</u>
<u>Click here to Respond to Selected Documents</u>

**Sort Date Entries:**
○ Descending
○ Ascending

**Display Options:**
All Entries ▼

---

**07/13/2018**     <u>Order Granting Leave</u>
ORDER GRANTING LEAVE TO AMEND PETITION BY INTERLINEATION SO ORDERED: JUDGE MICHAEL MULLEN

**06/25/2018**     <u>Motion for Leave</u>
Motion for Leave to File Second Amended Petition by Interlineation; Exhibit A - Email Showing Consent; Exhibit B - Second Amended Petition; Exhibit C - Proposed Order Granting Motion.
**Filed By:** JOSEPH A OTT
**On Behalf Of:** MARCIA CLARK

**06/04/2018**     <u>Notice of Service</u>
Notice of Service; Affidavit of Service - Ballpark Village.
**Filed By:** JOSEPH A OTT
**On Behalf Of:** MARCIA CLARK

**Corporation Served**
Document ID - 18-SMCC-2331; Served To - BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC; Server - ; Served Date - 09-MAY-18; Served Time - 13:14:00; Service Type - Special Process Server; Reason Description - Served

**05/10/2018**     **Jury Trial Scheduled**
**Scheduled For:** 10/29/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

**05/08/2018**     <u>Motion to File Amended Pet</u>
Motion to Amend Petition; Exhibit A - First Amended Petition.
**Filed By:** JOSEPH A OTT
**On Behalf Of:** MARCIA CLARK

**05/01/2018**     <u>Summons Issued-Circuit</u>
Document ID: 18-SMCC-2331, for BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC.

**04/30/2018**     <u>Request Filed</u>
Request for Special Process Server.
**Filed By:** JOSEPH A OTT
**On Behalf Of:** MARCIA CLARK

**04/27/2018**     **Filing Info Sheet eFiling**
**Filed By:** JOSEPH A OTT

EXHIBIT
ebbie 'B'

Case.net: 1822-CC00869 - Docket Entries

**Pet Filed in Circuit Ct**

Petition.
    **Filed By:** JOSEPH A OTT
    **On Behalf Of:** MARCIA CLARK

**Judge Assigned**

---

Case.net Version 5.13.19.1        Return to Top of Page        Released 02/02/2018

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

**1822-CC00869**

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

|  |  |  |
|---|---|---|
| MARCIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| v. | ) | |
| | ) | Division No.: |
| BALLPARK VILLAGE HOLDINGS | ) | |
| BLOCK 600, LLC, d/b/a PBR ST. LOUIS: | ) | |
| A COWBOY BAR | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

### Introduction

1. Plaintiff Marcia Clark ("Clark") brings this personal injury action against Defendant John Doe ("Doe") for injuries caused when Defendant Doe negligently operated a mechanical bull, causing serious injury.

2. Plaintiff Clark asserts that Defendant Doe was acting in the course and scope of his employ with Defendant Ballpark Village Holdings Block 600, LLC d/b/a PBR St. Louis: A Cowboy Bar ("PBR"), who is liable for her injuries as well.

### Parties and Jurisdiction

3. Plaintiff Clark resides at Somerset Drive, Urbana, Illinois.

4. Defendant PBR is a domestic corporation licensed to do business in Missouri. They can be served with process on their registered agent at the address listed above.

1

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

5.  Defendant Doe is the employee of PBR who was operating the mechanical bull at the time of Plaintiff's injury. Plaintiff requests leave of court to modify her petition following initial discovery as to the identity of Defendant Doe.

6.  This is the proper venue per Mo. Rev. Stat. 508.010 because all of the facts giving rise to Plaintiff's claim for relief occurred at Defendant PBR's location at 601 Clark Avenue, St. Louis, Missouri.

<u>Facts Common to All Counts</u>

7.  On or around May 20, 2016, Plaintiff Clark visited the PBR Bar located at 601 Clark St., St. Louis, Missouri.

8.  Defendant PBR owns and operates the bar located at 601 Clark St., St. Louis, Missouri.

9.  Defendant PBR's bar is marketed as a "[l]ively country bar offering cocktails, brews, a dance floor & a mechanical bull in rustic chic digs."[1]

10. Around 1:30 PM, Plaintiff Clark and her group of friends began to watch the mechanical bull located at Defendant PBR's Clark Street bar. At that time, another person was riding the bull.

11. Defendant John Doe was operating the bull in the course and scope of his employment with Defendant PBR at all times relevant to this lawsuit.

12. Defendant Doe began trying to coerce Plaintiff Clark to ride the bull around the time that Plaintiff Clark started to watch the other woman ride. Defendant Doe teased Plaintiff Clark and continued to press her to ride the bull. Defendant Doe also assured Plaintiff Clark that the bull was safe and that he would operate it in a slow and relatively gentle manner.

---

[1] PBR st louis – Google Search (2018). https://www.google.com/search?q=PBR+st+louis&ie=utf-8&oe=utf-8&client=firefox-b-1-ab (last visited April 27, 2018).

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

13. After about 15 minutes of coercion and repeated promises that the bull would be operated at a very low intensity, Plaintiff Clark agreed to ride the bull.

14. When Plaintiff Clark entered the area restricted to bull riders and operators near the mechanical bull, she again expressed reservations about riding the bull to Defendant John Doe.

15. Defendant Doe again assured Plaintiff Clark that the bull would be operated at a lessor intensity during Plaintiff Clark's ride. Defendant Doe even helped boost Plaintiff Clark onto the ride, tying in her ankles to the stirrups. Once on the ride and before it started, he again assured Plaintiff Clark that he would operate the bull with less travel, speed and intensity than normal.

16. Defendant Doe then began operating the bull that Plaintiff Clark was riding. The bull operated at a low speed, and did a few spins with a small amount of travel for a ride of about 30 seconds.

17. After about 30 seconds riding the bull, Plaintiff Clark told Defendant Doe that she was done riding the bull. She said "I'm done" and looked at Defendant Doe.

18. Defendant Doe acknowledged that Plaintiff Clark was done riding by verbally and non-verbally indicating the understanding.

19. Then, the bull suddenly and without warning to Plaintiff Clark, the bull heaved and pitched. The bull pitched forward, with it's nose and front moving violently downward. The downward movement was of greater travel, speed and intensity than at any other point during the ride.

20. Plaintiff Clark's body began flying off the bull because of the violent pitching. However, her left ankle had become ensnared by Defendant Doe's method of tying her

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

leg into the bull's stirrups. Her ankle was shattered by the violent and unexpected twisting force that threw her from the bull.

21. After flying off the bull, impacting the ground and beginning to cry and scream from the pain, Plaintiff Clark came to rest a few feet away from the bull.

22. Defendant Doe noticed that Plaintiff Clark was hurt, and immediately began yelling to his manager that "she signed the waiver! She signed the waiver!" Defendant Doe didn't care that Plaintiff Clark was hurt, and only cared about himself.

23. Defendant Doe was at all times operating the bull in the scope of his employment with Defendant PBR.

24. Defendant PBR operates their bar with policies and procedures regarding the operation of their mechanical bull.

25. Defendant PBR markets itself as an expert in safe mechanical bull riding.

26. In fact, "PBR" is an acronym for Professional Bull Riders.

27. As a result of the negligence and/or gross negligence of Defendant Doe and Defendant PBR, Plaintiff Clark has suffered substantial damages, including a surgery for her ankle, and incurred numerous medical bills. She has diminished working capacity and lost wages. Her pain continues and is expected to persist for a lifetime. Plaintiff Clark's life will never be the same.

<u>Count 1: Negligence Against Defendant Doe</u>

COMES NOW, Plaintiff Clark, and for her claim for negligence against Defendant John Doe, says:

28. Plaintiff adopts and restates all of the above paragraphs as if set for fully here again.

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

29. At all times mentioned herein, Defendant Doe was an agent, servant, and/or employee of Defendant PBR.

30. Defendant Doe's job duties included describing risks of bull riding and complying with patron's requests to end bull rides.

31. Plaintiff requests leave of court to modify this petition and identify Defendant Doe with particularity following Defendant PBR's responses to initial discovery regarding their identity.

32. Defendant Doe held themselves out to be an expert in safe and professional mechanical bull riding.

33. Defendant Doe had a duty to use the same level of care as a professional mechanical bull operator, and to use reasonable care to protect patrons from harm.

34. Defendant Doe breached these duties and was guilty of the following acts of negligence, carelessness, and recklessness:

    a.  Failure to operate the mechanical bull in a safe manner;

    b.  Failure to explain the risks associated with mechanical bull riding;

    c.  Failure to stop the bull after Plaintiff Clark requested;

    d.  Failure to understand how to operate the bull in a safe manner;

    e.  Failure to maintain the bull in good repair;

    f.  Failure to slow the bull so that Plaintiff Clark could get off;

    g.  Failure to tie Plaintiff Clark's leg into the stirrup in a manner that would prevent her from having her ankle shattered if she came off the bull;

    h.  Causing the bull to suddenly and violently pitch forward after Plaintiff Clark requested getting off the bull, resulting in serious injury.

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

35. Defendant Doe was performing the duties as a mechanical bull operator in a careless, reckless and negligent manner in that they:

    a.   Failed to use reasonable care;

    b.   Failed to observe the risk associated with operating the mechanical bull;

    c.   Failed to explain the risk to Plaintiff Clark;

    d.   Coercing Plaintiff Clark to ride the bull against her will;

36. In each respect itemized above, Defendant Doe showed a complete indifference to and/or conscious disregard for the safety of others, including Plaintiff Clark and others similarly situated to Plaintiff Clark.

37. Defendant Doe failed to operate the bull in accordance with the policies and practices of safe mechanical bull operation.

38. All of Defendant Doe's negligent acts related to operation of the mechanical bull are imputed to Defendant PBR by virtue of respondeat superior.

39. Plaintiff Clark was thrown from the bull and had her ankle shattered as a direct and proximate result of the negligence of all defendants.

40. Plaintiff Clark's injuries were jointly and severally caused by the negligence of all Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on the part of Plaintiffs.

41. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as they relate to Plaintiff Clark's injuries.

42. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.  For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

    b.  For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

    c.  For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

### Count 2: Vicarious Liability and Negligence Against Defendant PBR

COMES NOW Plaintiff Clark, and for her claim of negligence by virtue of vicarious liability against Defendant PBR, states as follows:

43. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

44. At the time of Plaintiff Doe's negligence, Defendant Doe was an agent, servant and employee under the control, right of control, join and mutual control, or joint and mutual right of control of Defendant PBR.

45. All acts of negligence, as described above, on the part of Defendant Doe were committed within the course and scope of Defendant Doe's employment of, with and for Defendant PBR and Defendant PBR is vicariously liable for the actions or inactions of Defendant Doe in relation to Plaintiff's injuries.

46. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull in a reasonably prudent manner, when in fact Defendant Doe could not so operate the bull in that way.

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

47. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull with adequate training and expertise to be considered a "professional bull rider."

48. Plaintiff sustained severe injury as a direct and proximate result of the negligence of Defendants, and each of them, jointly, severally and in combination with the negligence of co-defendants as set for and alleged herein and hereinafter.

49. Plaintiff's injury was caused joinly and severally by the negligence of all named Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on behalf of Plaintiffs.

50. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as it relates to Plaintiff's injury.

51. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.  For a actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

    b.  For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

    c.  For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

<u>Count 3: Negligent Hiring and Supervision Against Defendant PBR</u>

COMES NOW Plaintiff Clark, and for her claim of negligent hiring and supervision against Defendant PBR, states as follows:

52. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

53. Defendant PBR was further negligent in the following manners and particulars:

    a.  They failed to make a reasonable inquiry as to Defendant Doe's competence to safely operate the mechanical bull;

    b.  They selected an incompetent and unfit staff member;

    c.  They failed to select a competent and fit staff member;

    d.  They hired and retained an unsafe and unqualified staff member; and,

    e.  They hired and retained an inadequately trained and incompetent staff member.

54. Defendant PBR owed the general public, including Plaintiff, a duty to determine the qualification of its agents, servants and employees, including but not limited to:

    a.  Adequately evaluating applicants before hiring them as mechanical bull operators; and,

    b.  Adequately training and supervising said agents, servants and employees; and,

    c.  Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injured the public.

55. It was the duty of PBR to exercise ordinary care not to hire or retain an employee that PBR knew or should have known posed a risk of harm to others where is is reasonably foreseeable that Defendant Doe was reasonably likely to make the type of mistake that injured Plaintiff.

9

Electronically Filed - City of St. Louis - April 27, 2018 - 10:30 AM

56. As a direct and proximate result of the negligence of defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein  and hereinafter, Plaintiff suffered serious injury.

57. Plaintiff has suffered substantial damages because of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

a. For a actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

b. For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

c. For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Submitted this 27th Day of April, 2018.

Respectfully submitted,

OTT LAW FIRM

_____

Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:   (314) 228-0021
*Attorneys for Plaintiff*

10

Electronically Filed - City of St. Louis - April 30, 2018 - 04:52 PM

# IN THE CIRCUIT COURT OF ST. LOUIS CITY
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

MARCIA CLARK,                      )
                                   )
     Plaintiff,                   )          Cause No.: 1822-CC00869
                                   )
v.                                 )
                                   )          Division No.: 1
BALLPARK VILLAGE HOLDINGS          )
BLOCK 600, LLC, d/b/a PBR ST. LOUIS: )
A COWBOY BAR                       )
                                   )
And                                )
                                   )
JOHN DOE,                          )
                                   )
     Defendants.                  )

## REQUEST FOR SPECIAL PROCESS SERVER

       COMES NOW Plaintiff Clark, through her attorney, and pursuant to Mo. Rev. Stat § 506.140 requests that the court appoint Mr. Tim Moore, Pro Serve, 6614 Clayton Road 311, St. Louis, MO 63117, as special process server in this case.

Serve:

Manager on Duty
PBR: A Cowboy Bar
601 Clark Street
St. Louis, MO 63101

Respectfully submitted,

OTT LAW FIRM

_Joe Ott_
_____
Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:  (314) 228-0021
_Attorneys for Plaintiff_



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00869 | **T MOORE** |
|---|---|---|
| Plaintiff/Petitioner:<br>MARCIA CLARK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH A OTT<br>1432 KENDON DR<br>SAINT LOUIS, MO 63131 | |
| Defendant/Respondent:<br> BALLPARK VILLAGE HOLDINGS BLOCK 600<br>LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| | | |
|---|---|---|
| The State of Missouri to: | **BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC**<br>**Alias:** **DBA PBR ST LOUIS A COWBOY BAR** | |

**MANAGER ON DUTY**
**PBR: A COWBOY BAR**
**601 CLARK STREET**
**SAINT LOUIS, MO 63102**

| SPECIAL PROCESS SERVER |
|---|

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**May 1, 2018**
_____        *Thomas Kloeppinger*
          Date                                                    Clerk

Further Information:
_____

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

          Subscribed and sworn to before me on _____ (date).

*(Seal)*

          My commission expires: _____        _____
                                                          Date                                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MARCIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1822-CC00869 |
| v. | ) | |
| | ) | Division No.: 1 |
| BALLPARK VILLAGE HOLDINGS | ) | |
| BLOCK 600, LLC, d/b/a PBR ST. LOUIS: | ) | |
| A COWBOY BAR | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S MOTION TO AMEND PETITION**</u>

COMES NOW Plaintiff Clark through her attorney and states as follows in support of this Motion to Amend Petition:

1. Plaintiff seeks leave of court to amend her Petition pursuant to Missouri Rule of Civil Procedure 55.33, which states that "a pleading may be amended once as a matter of course at any time before a responsive pleading is served…"

2. Plaintiff filed her Petition on April 27, 2018.

3. Counsel for Plaintiff has attached to this motion as Exhibit A the proposed First Amended Petition.

4. No responsive pleading has been served as of this 8th day of May, 2018.

WHEREFORE, Plaintiff Clark requests the court enter her Motion to Amend Petition, and enter the attached First Amended Petition as her initial pleading for this case.

Respectfully submitted,

**OTT LAW FIRM**

*Joe Ott*

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

_____
Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:   (314) 228-0021
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| MARCIA CLARK, | ) |
| | ) |
|       Plaintiff, | )     Cause No.: 1822-CC00869 |
| v. | ) |
| | )     Division No.: 1 |
| BALLPARK VILLAGE HOLDINGS | ) |
| BLOCK 600, LLC, d/b/a PBR ST. LOUIS: | ) |
| A COWBOY BAR | ) |
| | ) |
|       Serve: | ) |
| | )     **JURY TRIAL DEMANDED** |
|       Manager on Duty | ) |
|       PBR: A Cowboy Bar | ) |
|       601 Clark Street | ) |
|       St. Louis, MO 63101 | ) |
| | ) |
| | ) |
| And | ) |
| | ) |
| JOHN DOE, | ) |
| | ) |
|       Defendants. | ) |

## FIRST AMENDED PETITION

### Introduction

1. Plaintiff Marcia Clark ("Clark") brings this personal injury action against Defendant
John Doe ("Doe") for injuries caused when Defendant Doe negligently operated a
mechanical bull, causing serious injury.

2. Plaintiff Clark asserts that Defendant Doe was acting in the course and scope of his
employ with Defendant Ballpark Village Holdings Block 600, LLC d/b/a PBR St.
Louis: A Cowboy Bar ("PBR"), who is liable for her injuries as well.

### Parties and Jurisdiction

3. Plaintiff Clark resides at Somerset Drive, Urbana, Illinois.

1

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

4.  Defendant PBR is a domestic corporation licensed to do business in Missouri. They can be served with process on their registered agent at the address listed above.

5.  Defendant Doe is the employee of PBR who was operating the mechanical bull at the time of Plaintiff's injury. Plaintiff requests leave of court to modify her petition following initial discovery as to the identity of Defendant Doe.

6.  This is the proper venue per Mo. Rev. Stat. 508.010 because all of the facts giving rise to Plaintiff's claim for relief occurred at Defendant PBR's location at 601 Clark Avenue, St. Louis, Missouri.

<u>Facts Common to All Counts</u>

7.  On or around May 20, 2016, Plaintiff Clark visited the PBR Bar located at 601 Clark St., St. Louis, Missouri.

8.  Defendant PBR owns and operates the bar located at 601 Clark St., St. Louis, Missouri.

9.  Defendant PBR's bar is marketed as a "[l]ively country bar offering cocktails, brews, a dance floor & a mechanical bull in rustic chic digs."[1]

10. Around 1:30 PM, Plaintiff Clark and her group of friends began to watch the mechanical bull located at Defendant PBR's Clark Street bar. At that time, another person was riding the bull.

11. Defendant John Doe was operating the bull in the course and scope of his employment with Defendant PBR at all times relevant to this lawsuit.

12. Defendant Doe began trying to coerce Plaintiff Clark to ride the bull around the time that Plaintiff Clark started to watch the other woman ride. Defendant Doe teased Plaintiff Clark and continued to press her to ride the bull. Defendant Doe also assured

---

[1] PBR st louis – Google Search (2018). https://www.google.com/search?q=PBR+st+louis&ie=utf-8&oe=utf-8&client=firefox-b-1-ab (last visited April 27, 2018).

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

Plaintiff Clark that the bull was safe and that he would operate it in a slow and relatively gentle manner.

13. After about 15 minutes of coercion and repeated promises that the bull would be operated at a very low intensity, Plaintiff Clark agreed to ride the bull.

14. When Plaintiff Clark entered the area restricted to bull riders and operators near the mechanical bull, she again expressed reservations about riding the bull to Defendant John Doe.

15. Defendant Doe again assured Plaintiff Clark that the bull would be operated at a lessor intensity during Plaintiff Clark's ride. Defendant Doe even helped boost Plaintiff Clark onto the ride. Once on the ride and before it started, he again assured Plaintiff Clark that he would operate the bull with less travel, speed and intensity than normal.

16. Defendant Doe then began operating the bull that Plaintiff Clark was riding. The bull operated at a low speed, and did a few spins with a small amount of travel for a ride of about 30 seconds.

17. After about 30 seconds riding the bull, Plaintiff Clark told Defendant Doe that she was done riding the bull. She said "I'm done" and looked at Defendant Doe.

18. Defendant Doe acknowledged that Plaintiff Clark was done riding by verbally and non-verbally indicating the understanding.

19. Then, the bull suddenly and without warning to Plaintiff Clark, the bull heaved and pitched. The bull pitched forward, with it's nose and front moving violently downward. The downward movement was of greater travel, speed and intensity than at any other point during the ride.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

20. Plaintiff Clark's body began flying off the bull because of the violent pitching. However, her left ankle was caught on the bull. Her ankle was shattered by the violent and unexpected twisting force that threw her from the bull.

21. After flying off the bull, impacting the ground and beginning to cry and scream from the pain, Plaintiff Clark came to rest a few feet away from the bull.

22. Defendant Doe noticed that Plaintiff Clark was hurt, and immediately began yelling to his manager that "she signed the waiver! She signed the waiver!" Defendant Doe didn't care that Plaintiff Clark was hurt, and only cared about himself.

23. Defendant Doe was at all times operating the bull in the scope of his employment with Defendant PBR.

24. Defendant PBR operates their bar with policies and procedures regarding the operation of their mechanical bull.

25. Defendant PBR markets itself as an expert in safe mechanical bull riding.

26. In fact, "PBR" is an acronym for Professional Bull Riders.

27. As a result of the negligence and/or gross negligence of Defendant Doe and Defendant PBR, Plaintiff Clark has suffered substantial damages, including a surgery for her ankle, and incurred numerous medical bills. She has diminished working capacity and lost wages. Her pain continues and is expected to persist for a lifetime. Plaintiff Clark's life will never be the same.

<u>Count 1: Negligence Against Defendant Doe</u>

COMES NOW, Plaintiff Clark, and for her claim for negligence against Defendant John Doe, says:

28. Plaintiff adopts and restates all of the above paragraphs as if set for fully here again.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

29. At all times mentioned herein, Defendant Doe was an agent, servant, and/or employee of Defendant PBR.

30. Defendant Doe's job duties included describing risks of bull riding and complying with patron's requests to end bull rides.

31. Plaintiff requests leave of court to modify this petition and identify Defendant Doe with particularity following Defendant PBR's responses to initial discovery regarding their identity.

32. Defendant Doe held themselves out to be an expert in safe and professional mechanical bull riding.

33. Defendant Doe had a duty to use the same level of care as a professional mechanical bull operator, and to use reasonable care to protect patrons from harm.

34. Defendant Doe breached these duties and was guilty of the following acts of negligence, carelessness, and recklessness:

    a.  Failure to operate the mechanical bull in a safe manner;

    b.  Failure to explain the risks associated with mechanical bull riding;

    c.  Failure to stop the bull after Plaintiff Clark requested;

    d.  Failure to understand how to operate the bull in a safe manner;

    e.  Failure to maintain the bull in good repair;

    f.  Failure to slow the bull so that Plaintiff Clark could get off;

    g.  Failure to tie Plaintiff Clark's leg into the stirrup in a manner that would prevent her from having her ankle shattered if she came off the bull;

    h.  Causing the bull to suddenly and violently pitch forward after Plaintiff Clark requested getting off the bull, resulting in serious injury.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

35. Defendant Doe was performing the duties as a mechanical bull operator in a careless, reckless and negligent manner in that they:

    a.   Failed to use reasonable care;

    b.   Failed to observe the risk associated with operating the mechanical bull;

    c.   Failed to explain the risk to Plaintiff Clark;

    d.   Coercing Plaintiff Clark to ride the bull against her will;

36. In each respect itemized above, Defendant Doe showed a complete indifference to and/or conscious disregard for the safety of others, including Plaintiff Clark and others similarly situated to Plaintiff Clark.

37. Defendant Doe failed to operate the bull in accordance with the policies and practices of safe mechanical bull operation.

38. All of Defendant Doe's negligent acts related to operation of the mechanical bull are imputed to Defendant PBR by virtue of respondeat superior.

39. Plaintiff Clark was thrown from the bull and had her ankle shattered as a direct and proximate result of the negligence of all defendants.

40. Plaintiff Clark's injuries were jointly and severally caused by the negligence of all Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on the part of Plaintiffs.

41. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as they relate to Plaintiff Clark's injuries.

42. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.   For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

    b.   For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

    c.   For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

<u>Count 2: Vicarious Liability and Negligence Against Defendant PBR</u>

COMES NOW Plaintiff Clark, and for her claim of negligence by virtue of vicarious liability against Defendant PBR, states as follows:

43. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

44. At the time of Plaintiff Doe's negligence, Defendant Doe was an agent, servant and employee under the control, right of control, join and mutual control, or joint and mutual right of control of Defendant PBR.

45. All acts of negligence, as described above, on the part of Defendant Doe were committed within the course and scope of Defendant Doe's employment of, with and for Defendant PBR and Defendant PBR is vicariously liable for the actions or inactions of Defendant Doe in relation to Plaintiff's injuries.

46. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull in a reasonably prudent manner, when in fact Defendant Doe could not so operate the bull in that way.

7

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

47. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull with adequate training and expertise to be considered a "professional bull rider."

48. Plaintiff sustained severe injury as a direct and proximate result of the negligence of Defendants, and each of them, jointly, severally and in combination with the negligence of co-defendants as set for and alleged herein and hereinafter.

49. Plaintiff's injury was caused joinly and severally by the negligence of all named Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on behalf of Plaintiffs.

50. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as it relates to Plaintiff's injury.

51. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

   a. For a actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

   b. For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

   c. For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

8

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

<u>Count 3: Negligent Hiring and Supervision Against Defendant PBR</u>

      COMES NOW Plaintiff Clark, and for her claim of negligent hiring and supervision against Defendant PBR, states as follows:

52. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

53. Defendant PBR was further negligent in the following manners and particulars:

      a.  They failed to make a reasonable inquiry as to Defendant Doe's competence to safely operate the mechanical bull;

      b.  They selected an incompetent and unfit staff member;

      c.  They failed to select a competent and fit staff member;

      d.  They hired and retained an unsafe and unqualified staff member; and,

      e.  They hired and retained an inadequately trained and incompetent staff member.

54. Defendant PBR owed the general public, including Plaintiff, a duty to determine the qualification of its agents, servants and employees, including but not limited to:

      a.  Adequately evaluating applicants before hiring them as mechanical bull operators; and,

      b.  Adequately training and supervising said agents, servants and employees; and,

      c.  Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injured the public.

55. It was the duty of PBR to exercise ordinary care not to hire or retain an employee that PBR knew or should have known posed a risk of harm to others where is reasonably foreseeable that Defendant Doe was reasonably likely to make the type of mistake that injured Plaintiff.

Electronically Filed - City of St. Louis - May 08, 2018 - 01:56 PM

56. As a direct and proximate result of the negligence of defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein  and hereinafter, Plaintiff suffered serious injury.

57. Plaintiff has suffered substantial damages because of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

a.   For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

b.   For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

c.   For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Submitted this 8th Day of May, 2018.

Respectfully submitted,

OTT LAW FIRM

_Joseph A. Ott, #67889_
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:  (314) 228-0021
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 04, 2018 - 03:38 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MARCIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1822-CC00869 |
| v. | ) | |
| | ) | Division No.: 1 |
| BALLPARK VILLAGE HOLDINGS | ) | |
| BLOCK 600, LLC, d/b/a PBR ST. LOUIS: | ) | |
| A COWBOY BAR | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

COMES NOW Joseph Ott, Attorney for Plaintiff Clark, and files the attached Affidavit of Service and Special Process Server Return Summons that shows service was perfected on Defendant Ballpark Village Holdings on **May 10, 2018.**

Submitted this 4th Day of June, 2018.

Respectfully submitted,

**OTT LAW FIRM**

_Joe Ott_
_____
Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:  (314) 228-0021
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - June 04, 2018 - 03:38 PM

## AFFIDAVIT OF SERVICE

| Case:<br>1822-CC00869 | Court:<br>22nd Judicial Circuit Court | County:<br>St. Louis (City), MO | Job:<br>2265445 (18-SMCC-2331) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MARCIA CLARK | | Defendant / Respondent:<br>BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC | |
| Received by:<br>Pro Serve | | For:<br>OTT LAW FIRM | |
| To be served upon:<br>BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC, aka DBA PBR ST LOUIS A COWBOY BAR, to MANAGER ON<br>DUTY PBR: A COWBOY BAR | | | Court Date:<br>May 31, 2018 |

I, Tim Moore, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC, aka DBA PBR ST LOUIS A COWBOY BAR, to MANAGER ON DUTY PBR: A COWBOY BAR, 601 CLARK STREET, SAINT LOUIS, MO 63102 |
|---|---|
| Manner of Service: | Authorized, May 9, 2018, 1:14 pm CDT |
| Documents: | Summons in Civil Case Petition, 1st Amended Petition, Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Request For Production (Received May 8, 2018 at 12:00pm CDT) |

Additional Comments:
Received by KELBY GILES, GENERAL MANAGER for BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC, aka DBA PBR ST LOUIS A COWBOY BAR, to MANAGER ON DUTY PBR: A COWBOY BAR, at 601 CLARK STREET, SAINT LOUIS, MO 63102

Subscribed and sworn to before me by the affiant who is personally known to me.

Tim Moore                                Date
329

Notary Public
Date                   Commission Expires

Pro Serve
6614 Clayton Rd 311
St. Louis, Mo 63117
314 961-2222

CATHY STRAUB
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 17735281
My Commission Expires Feb 5, 2021

Electronically Filed - City of St. Louis - June 04, 2018 - 03:38 PM



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: **1822-CC00869** | **T MOORE** |
|---|---|---|
| Plaintiff/Petitioner:<br>MARCIA CLARK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH A OTT<br>1432 KENDON DR<br>SAINT LOUIS, MO 63131 | |
| Defendant/Respondent:<br>BALLPARK VILLAGE HOLDINGS BLOCK 600<br>LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | *(Date File Stamp)* |

## Summons in Civil Case

**The State of Missouri to: BALLPARK VILLAGE HOLDINGS BLOCK 600 LLC**
**Alias: DBA PBR ST LOUIS A COWBOY BAR**

MANAGER ON DUTY
PBR: A COWBOY BAR
601 CLARK STREET
SAINT LOUIS, MO 63102

**COURT SEAL OF**

*CITY OF ST LOUIS*

┌─────────────────────────────┐
│ **SPECIAL PROCESS SERVER** │
└─────────────────────────────┘

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**May 1, 2018**
_____          _____
        Date                                        Clerk

Further Information:_____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                  Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MARCIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1822-CC00869 |
| v. | ) | |
| | ) | Division No.: 1 |
| BALLPARK VILLAGE HOLDINGS | ) | |
| BLOCK 600, LLC, d/b/a PBR ST. LOUIS: | ) | |
| A COWBOY BAR | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION BY INTERLINEATION

COMES NOW Plaintiff Marcia Clark, by and through her lawyer, and for her Motion for Leave to File Second Amended Petition by Interlineation, states as follows:

1. This motion is made pursuant to Mo. R. Civ. Pro. 55.33(a), which indicates that "…the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

2. In the alternative, Plaintiff offers her motion pursuant to Mo. R. Civ. Pro. 55.33(d), which permits "…service of a supplemental pleading setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented."

3. Plaintiff served a summons and copy of the petition on SL Western Lounge, LLC St. Louis: A Cowboy Bar on May 9, 2018.

4. Counsel for Defendant has indicated that the correct legal entity in this suit is SL Western Lounge, LLC (See Email from Opposing Counsel, Attached as Exhibit A).

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

5. Plaintiff has drafted her Second Amended Petition replacing every instance of Ballpark Village Holdings, Block 600 LLC St. Louis: A Cowboy Bar with SL Western Lounge, LLC (See Second Amended Petition, Attached as Exhibit B).

6. Plaintiff has attached a Proposed Order that grants her motion to amend petition by interlineation, striking all references Ballpark Village Holdings, Block 600 LLC St. Louis: A Cowboy Bar and replacing them with SL Western Lounge, LLC. (See Proposed Order, Attached as Exhibit C).

Submitted this 25th Day of June, 2018.

Respectfully submitted,

**OTT LAW FIRM**

_(signature)_

_____

Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:  (314) 228-0021
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system, this 25th day of May, 2018, on the counsel of record listed below. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Jacqueline M. Sexton.
1200 Main Street, Suite 2200
Kansas City, Missouri  64105
816-472-7474
816-472-6262 (fax)
816-471-4537 (direct)
 Email: jsexton@fwpclaw.com
Website:  www.fwpclaw.com

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM



Joseph Ott <joe@ott.law>

---

## Clark v. PBR

---

**Joseph Ott** <joe@ott.law>                                              Mon, Jun 11, 2018 at 2:07 PM
To: Jackie Sexton <jsexton@fwpclaw.com>
Cc: Zach Bowles <zbowles@fwpclaw.com>

That is the deal. Sounds good. Let me know when we can check it out.

On Mon, Jun 11, 2018 at 2:02 PM Jackie Sexton <jsexton@fwpclaw.com> wrote:

Dear Joe,

The correct legal entity for PBR is SL Western Lounge, LLC.  Please confirm we have your agreement to amend your petition to reflect the proper party (which we consent to) and that we have 30 days to file a responsive pleading from the date the amended pleading is filed.

I have communicated your request to inspect to my client and should have an answer shortly.

Yours truly,

Jackie

**FOLAND, WICKENS, ROPER, HOFER & CRAWFORD PC**    

*Jacqueline M. Sexton*

 1200 Main Street, Suite 2200

Kansas City, Missouri  64105

816-472-7474

816-472-6262 (fax)

816-471-4537 (direct)

 Email: jsexton@fwpclaw.com

Website:  www.fwpclaw.com

6/25/2018, 11:35 AM

**CONFIDENTIALITY NOTICE**: This electronic communication originates from the law office of *Foland, Wickens, Eisfelder, Roper & Hofer, P.C.* and is covered by the *Electronic Communications Privacy Act*, 18 U.S.C. §2510 et seq., as amended. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this electronic communication; any part of it; or any attachments thereto. Unauthorized retransmission, reproduction, distribution or other use of the confidential information contained herein is strictly prohibited and may be unlawful. If you have received this electronic communication in error, please delete it (and any attachments) from your computer systems without reading the content, and immediately notify the sender of the inadvertent transmission. There is no intent on the part of the sender to waive any evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication.

**MISSOURI NOTICE**: The Missouri Supreme Court Missouri and Missouri Bar Disciplinary Counsel require all Missouri attorneys to notify e-mail recipients 1) that e-mail is not a secure method of communication; 2) that it may be copied and held by any computer through which it passes; and 3) that persons not participating in the communication may intercept the communication. Should you wish to discontinue use of this method of communication, please advise and no further e-mail communication will be sent. Thank you for your cooperation.

**IRS CIRCULAR 230 NOTICE**: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

--
**Joseph A. Ott**
**314-293-3756**
**Ott Law Firm**
**6115 Eveline Street**
**St. Louis, MO 63139**
**www.ott.law**

*\*\*NOTICE\*\* This message, including attachments, contains confidential information which may also be legally protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or by calling 314-293-3756. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.*

*Consistent with Missouri Bar and Missouri Supreme Court Rules, please be reminded that: 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and 3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail has passed.*

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

MARCIA CLARK,                          )
                                       )
      Plaintiff,                   )       Cause No.: 1822-CC00869
                                       )
v.                                     )
                                       )       Division No.: 1
SL WESTERN LOUNGE, LLC                 )
                                       )
And                                    )       <u>JURY TRIAL DEMANDED</u>
                                       )
JOHN DOE,                              )
                                       )
      Defendants.                 )

## <u>SECOND AMENDED PETITION</u>

### <u>Introduction</u>

1. Plaintiff Marcia Clark ("Clark") brings this personal injury action against Defendant John Doe ("Doe") for injuries caused when Defendant Doe negligently operated a mechanical bull, causing serious injury.

2. Plaintiff Clark asserts that Defendant Doe was acting in the course and scope of his employ with SL Western Lounge, LLC ("PBR") who is liable for her injuries as well.

### <u>Parties and Jurisdiction</u>

3. Plaintiff Clark resides at Somerset Drive, Urbana, Illinois.

4. Defendant PBR is a domestic corporation licensed to do business in Missouri. They can be served with process on their registered agent at the address listed above.

5. Defendant Doe is the employee of PBR who was operating the mechanical bull at the time of Plaintiff's injury. Plaintiff requests leave of court to modify her petition following initial discovery as to the identity of Defendant Doe.

6. This is the proper venue per Mo. Rev. Stat. 508.010 because all of the facts giving rise to Plaintiff's claim for relief occurred at Defendant PBR's location at 601 Clark Avenue, St. Louis, Missouri.

Facts Common to All Counts

7. On or around May 20, 2016, Plaintiff Clark visited the PBR Bar located at 601 Clark St., St. Louis, Missouri.

8. Defendant PBR owns and operates the bar located at 601 Clark St., St. Louis, Missouri.

9. Defendant PBR's bar is marketed as a "[l]ively country bar offering cocktails, brews, a dance floor & a mechanical bull in rustic chic digs."[1]

10. Around 1:30 PM, Plaintiff Clark and her group of friends began to watch the mechanical bull located at Defendant PBR's Clark Street bar. At that time, another person was riding the bull.

11. Defendant John Doe was operating the bull in the course and scope of his employment with Defendant PBR at all times relevant to this lawsuit.

12. Defendant Doe began trying to coerce Plaintiff Clark to ride the bull around the time that Plaintiff Clark started to watch the other woman ride. Defendant Doe teased Plaintiff Clark and continued to press her to ride the bull. Defendant Doe also assured Plaintiff Clark that the bull was safe and that he would operate it in a slow and relatively gentle manner.

13. After about 15 minutes of coercion and repeated promises that the bull would be operated at a very low intensity, Plaintiff Clark agreed to ride the bull.

---

[1] PBR st louis – Google Search (2018). https://www.google.com/search?q=PBR+st+louis&ie=utf-8&oe=utf-8&client=firefox-b-1-ab (last visited April 27, 2018).

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

14. When Plaintiff Clark entered the area restricted to bull riders and operators near the mechanical bull, she again expressed reservations about riding the bull to Defendant John Doe.

15. Defendant Doe again assured Plaintiff Clark that the bull would be operated at a lessor intensity during Plaintiff Clark's ride. Defendant Doe even helped boost Plaintiff Clark onto the ride. Once on the ride and before it started, he again assured Plaintiff Clark that he would operate the bull with less travel, speed and intensity than normal.

16. Defendant Doe then began operating the bull that Plaintiff Clark was riding. The bull operated at a low speed, and did a few spins with a small amount of travel for a ride of about 30 seconds.

17. After about 30 seconds riding the bull, Plaintiff Clark told Defendant Doe that she was done riding the bull. She said "I'm done" and looked at Defendant Doe.

18. Defendant Doe acknowledged that Plaintiff Clark was done riding by verbally and non-verbally indicating the understanding.

19. Then, the bull suddenly and without warning to Plaintiff Clark, the bull heaved and pitched. The bull pitched forward, with it's nose and front moving violently downward. The downward movement was of greater travel, speed and intensity than at any other point during the ride.

20. Plaintiff Clark's body began flying off the bull because of the violent pitching. However, her left ankle was caught on the bull. Her ankle was shattered by the violent and unexpected twisting force that threw her from the bull.

21. After flying off the bull, impacting the ground and beginning to cry and scream from the pain, Plaintiff Clark came to rest a few feet away from the bull.

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

22. Defendant Doe noticed that Plaintiff Clark was hurt, and immediately began yelling to his manager that "she signed the waiver! She signed the waiver!" Defendant Doe didn't care that Plaintiff Clark was hurt, and only cared about himself.

23. Defendant Doe was at all times operating the bull in the scope of his employment with Defendant PBR.

24. Defendant PBR operates their bar with policies and procedures regarding the operation of their mechanical bull.

25. Defendant PBR markets itself as an expert in safe mechanical bull riding.

26. In fact, "PBR" is an acronym for Professional Bull Riders.

27. As a result of the negligence and/or gross negligence of Defendant Doe and Defendant PBR, Plaintiff Clark has suffered substantial damages, including a surgery for her ankle, and incurred numerous medical bills. She has diminished working capacity and lost wages. Her pain continues and is expected to persist for a lifetime. Plaintiff Clark's life will never be the same.

<u>Count 1: Negligence Against Defendant Doe</u>

COMES NOW, Plaintiff Clark, and for her claim for negligence against Defendant John Doe, says:

28. Plaintiff adopts and restates all of the above paragraphs as if set for fully here again.

29. At all times mentioned herein, Defendant Doe was an agent, servant, and/or employee of Defendant PBR.

30. Defendant Doe's job duties included describing risks of bull riding and complying with patron's requests to end bull rides.

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

31. Plaintiff requests leave of court to modify this petition and identify Defendant Doe with particularity following Defendant PBR's responses to initial discovery regarding their identity.

32. Defendant Doe held themselves out to be an expert in safe and professional mechanical bull riding.

33. Defendant Doe had a duty to use the same level of care as a professional mechanical bull operator, and to use reasonable care to protect patrons from harm.

34. Defendant Doe breached these duties and was guilty of the following acts of negligence, carelessness, and recklessness:

    a. Failure to operate the mechanical bull in a safe manner;

    b. Failure to explain the risks associated with mechanical bull riding;

    c. Failure to stop the bull after Plaintiff Clark requested;

    d. Failure to understand how to operate the bull in a safe manner;

    e. Failure to maintain the bull in good repair;

    f. Failure to slow the bull so that Plaintiff Clark could get off;

    g. Failure to tie Plaintiff Clark's leg into the stirrup in a manner that would prevent her from having her ankle shattered if she came off the bull;

    h. Causing the bull to suddenly and violently pitch forward after Plaintiff Clark requested getting off the bull, resulting in serious injury.

35. Defendant Doe was performing the duties as a mechanical bull operator in a careless, reckless and negligent manner in that they:

    a. Failed to use reasonable care;

    b. Failed to observe the risk associated with operating the mechanical bull;

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

    c.   Failed to explain the risk to Plaintiff Clark;

    d.   Coercing Plaintiff Clark to ride the bull against her will;

36. In each respect itemized above, Defendant Doe showed a complete indifference to and/or conscious disregard for the safety of others, including Plaintiff Clark and others similarly situated to Plaintiff Clark.

37. Defendant Doe failed to operate the bull in accordance with the policies and practices of safe mechanical bull operation.

38. All of Defendant Doe's negligent acts related to operation of the mechanical bull are imputed to Defendant PBR by virtue of respondeat superior.

39. Plaintiff Clark was thrown from the bull and had her ankle shattered as a direct and proximate result of the negligence of all defendants.

40. Plaintiff Clark's injuries were jointly and severally caused by the negligence of all Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on the part of Plaintiffs.

41. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as they relate to Plaintiff Clark's injuries.

42. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.   For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

b.  For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

c.  For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

<u>Count 2: Vicarious Liability and Negligence Against Defendant PBR</u>

COMES NOW Plaintiff Clark, and for her claim of negligence by virtue of vicarious liability against Defendant PBR, states as follows:

43. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

44. At the time of Plaintiff Doe's negligence, Defendant Doe was an agent, servant and employee under the control, right of control, join and mutual control, or joint and mutual right of control of Defendant PBR.

45. All acts of negligence, as described above, on the part of Defendant Doe were committed within the course and scope of Defendant Doe's employment of, with and for Defendant PBR and Defendant PBR is vicariously liable for the actions or inactions of Defendant Doe in relation to Plaintiff's injuries.

46. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull in a reasonably prudent manner, when in fact Defendant Doe could not so operate the bull in that way.

47. Defendant PBR was further negligent in that it permitted Defendant Doe to operate the mechanical bull with adequate training and expertise to be considered a "professional bull rider."

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

48. Plaintiff sustained severe injury as a direct and proximate result of the negligence of
Defendants, and each of them, jointly, severally and in combination with the
negligence of co-defendants as set for and alleged herein and hereinafter.

49. Plaintiff's injury was caused joinly and severally by the negligence of all named
Defendants, and each of them, and Defendants' agents, servants, and employees,
without any contributing negligence on behalf of Plaintiffs.

50. Defendant PBR is vicariously liable for the negligent acts of Defendant Doe as it
relates to Plaintiff's injury.

51. Plaintiff has suffered substantial injuries as a result of the negligence of all named
defendants, including but not limited to past and future medical bills, past and future
lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each
of them, jointly and severally, with all other Defendants for damages as follows:

a.   For a actual damages in an amount in excess of $25,000.00 in an amount that
is found fair and reasonable to compensate her for her injuries and damages;

b.   For aggravated damages (punitive damages) or damages for the aggravating
circumstances as will serve to punish and deter Defendants from future
wrongdoing;

c.   For all other damages pled together with their costs and for such other relief as
this Court deems just and proper under the circumstances.

<u>Count 3: Negligent Hiring and Supervision Against Defendant PBR</u>

COMES NOW Plaintiff Clark, and for her claim of negligent hiring and
supervision against Defendant PBR, states as follows:

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

52. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

53. Defendant PBR was further negligent in the following manners and particulars:

    a.  They failed to make a reasonable inquiry as to Defendant Doe's competence to safely operate the mechanical bull;

    b.  They selected an incompetent and unfit staff member;

    c.  They failed to select a competent and fit staff member;

    d.  They hired and retained an unsafe and unqualified staff member; and,

    e.  They hired and retained an inadequately trained and incompetent staff member.

54. Defendant PBR owed the general public, including Plaintiff, a duty to determine the qualification of its agents, servants and employees, including but not limited to:

    a.  Adequately evaluating applicants before hiring them as mechanical bull operators; and,

    b.  Adequately training and supervising said agents, servants and employees; and,

    c.  Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injured the public.

55. It was the duty of PBR to exercise ordinary care not to hire or retain an employee that PBR knew or should have known posed a risk of harm to others where is reasonably foreseeable that Defendant Doe was reasonably likely to make the type of mistake that injured Plaintiff.

56. As a direct and proximate result of the negligence of defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein and hereinafter, Plaintiff suffered serious injury.

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

57. Plaintiff has suffered substantial damages because of the negligence of all named

defendants, including but not limited to past and future medical bills, past and future

lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each

of them, jointly and severally, with all other Defendants for damages as follows:

a.   For actual damages in an amount in excess of $25,000.00 in an amount that is

found fair and reasonable to compensate her for her injuries and damages;

b.   For aggravated damages (punitive damages) or damages for the aggravating

circumstances as will serve to punish and deter Defendants from future

wrongdoing;

c.   For all other damages pled together with their costs and for such other relief as

this Court deems just and proper under the circumstances.

Submitted this 25th Day of June, 2018.

Respectfully submitted,

OTT LAW FIRM

Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:   (314) 293-3756
Facsimile:   (314) 228-0021
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

MARCIA CLARK,                              )
                                           )
         Plaintiff,                        )        Cause No.: 1822-CC00869
v.                                         )
                                           )        Division No.: 1
SL WESTERN LOUNGE, LLC                     )
                                           )
And                                        )
                                           )
JOHN DOE,                                  )
                                           )
         Defendants.                       )

## ORDER GRANTING LEAVE TO AMEND PETITION BY INTERLINEATION

        After reviewing Plaintiff Clark's Motion for Leave to File Second Amended Petition by
Interlineation and the written consent submitted by Counsel for Plaintiff Clark, Plaintiff's Motion is
hereby **granted.** Plaintiff's First Amended Petition is amended by interlineation, replacing all
references to SL Western Lounge, LLC St. Louis: A Cowboy Bar and replacing them with SL
Western Lounge, LLC.


So Ordered:


_____

Hon. Judge Michael Kellan Mullen

Electronically Filed - City of St. Louis - June 25, 2018 - 11:41 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

**FILED**

JUL 1 3 2018

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | | |
|---|---|---|
| MARCIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1822-CC00869 |
| | ) | |
| v. | ) | Division No.: 1 |
| | ) | |
| SL WESTERN LOUNGE, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING LEAVE TO AMEND PETITION BY INTERLINEATION

After reviewing Plaintiff Clark's Motion for Leave to File Second Amended Petition by Interlineation and the written consent submitted by Counsel for Plaintiff Clark, Plaintiff's Motion is hereby **granted.** Plaintiff's First Amended Petition is amended by interlineation, replacing all references to SL Western Lounge, LLC St. Louis: A Cowboy Bar and replacing them with SL Western Lounge, LLC.

So Ordered:

_____
Hon. Judge Michael Kellan Mullen