**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARCIA CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.  4:18-CV-01223 |
| v. | ) |
| | ) |
| SL WESTERN LOUNGE, LLC | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**SL WESTERN LOUNGE, LLC'S RESPONSE TO
PLAINTIFF'S MOTION FOR ORAL ARGUMENT AND TESTIMONY**

COMES NOW Defendant SL Western Lounge, LLC ("Western"), by and through its counsel of record, and for its Response to Plaintiff's Motion for Oral Argument and Testimony ("Plaintiff's Motion"), states as follows:

**Introduction**

Rather than timely seeking written discovery to support her Motion to Remand, Plaintiff now seeks to compel live testimony on the issues of Western's citizenship and Plaintiff's unfounded collusive assignment allegations. (Pl. Motion at ¶¶4-5).  Plaintiff's Motion should be denied because it fails to comply with the local rules of the Eastern District, is untimely, and attempts to circumvent the proper methods of discovery.

1

**I.      Procedural History**

On July 25, 2018, Western removed this matter from state court pursuant to diversity jurisdiction, (Dkt. 1), on the basis that Plaintiff is an Illinois resident and the members of Western are all citizens of Maryland.  Plaintiff filed her Motion to Remand on August 20, 2018, (Dkt. 10), to which Western responded on August 27, 2018.  (Dkt.14). Nine days later, Plaintiff filed her instant Motion.  (Dkt. 15).  Prior to her instant Motion, Plaintiff did not seek discovery on the issues of Western's citizenship or collusive assignment.

**II.     Plaintiff's Request Fails To Comply with the Local Rules.**

Plaintiff's request relies on Local Rule 78-4.02(b). (Pl. Motion at ¶3).  Local Rule 78–4.02(b) states: "A party requesting the presentation of oral argument or testimony in connection with a motion *shall* file such request with its motion or memorandum briefly setting forth the reasons which warrant the hearing of oral argument or testimony." (emphasis added).

Plaintiff's request for oral argument and live testimony should be denied because it does not comply with the express, plain language of Local Rule 78-4.02(b). The rule places a compulsory requirement on Plaintiff – that she make a request for oral argument at the time she files the motion with which the testimony and oral argument is connected.  Here, Plaintiff's instant Motion is made in connection with her Motion to Remand, which she filed on August 20, 2018. (Dkt. 10).  For Plaintiff to comply with Local Rule 78-4.02(b), she must have made the request for oral argument at the time she filed her Motion to Remand; she did not.  Instead, Plaintiff waited over two weeks after filing her Motion to Remand to request an oral argument.  By doing so, Plaintiff failed to comply with Local Rule 78-4.02(b) and waived her right to oral argument and testimony.  Therefore, her motion should be denied.

2

### III.     Plaintiff's Motion is Untimely.

Should Plaintiff's Motion be construed as a Reply in support of her Motion to Remand, it is untimely. Western filed its Response to Plaintiff's Motion to Remand on August 27, 2018.  Per Local Rule 7–4.01(c), Plaintiff had seven days – until September 4, 2018 (accounting for the Labor Day Holiday) – to file a Reply brief.  Plaintiff, however, filed her instant Motion on September 5, 2018.  Therefore, her Motion, if construed as a Reply in support of her Motion to Remand, is untimely under this Court's local rules and should be denied.

### IV.     Plaintiff's Motion Attempts to Circumvent the Proper Methods of Discovery.

Lastly, the appropriate procedure for ascertaining citizenship is written discovery. "Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). Here, Plaintiff should have issued discovery regarding Western's citizenship prior to filing her Remand. Because she failed to timely do so, Plaintiff now makes the untimely request for live testimony. (Pl. Motion at ¶¶4-5).  Plaintiff's Motion should be denied because the request circumvents discovery methods that are less intrusive, less costly, and less burdensome.

Plaintiff's request for facts relating to Western's citizenship and ownership of the venue at issue, i.e. Plaintiff's "collusion" argument, can be satisfied through jurisdictional discovery, rather than courtroom testimony. Furthermore, Western is agreeable to producing affidavits, declarations, or a deponent on an agreeable future date to testify on the issues raised on Plaintiff's Motion.  In fact, as a courtesy, Western's counsel offered to provide Plaintiff

3

stipulations on these issues; Plaintiff's counsel, however, stated his preference for live testimony on these issues.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Oral Argument and Testimony should be denied.

Respectfully submitted,

**FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.**

/s/*Michael L. Belancio*
MICHAEL L. BELANCIO                    #50115
1200 Main St., Suite 2200
Kansas City, Missouri  64105
Telephone:  (816) 427-7474
Facsimile:  (816) 472-6262
Email:  mbelancio@fwpclaw.com
**ATTORNEY FOR DEFENDANT
SL WESTERN LOUNGE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I served a true and correct copy of the foregoing upon the following by email and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Joseph A. Ott
Ott Law Firm
6115 Eveline Street
St. Louis, MO  63139
Telephone:  (314) 293-3756
Email:  joe@ott.law
**ATTORNEY FOR PLAINTIFF**

/s*/Michael L. Belancio*
**ATTORNEY FOR DEFENDANT**