UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCIA CLARK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No. 4:18-cv-01223-JCH |
| ) | |
| SL WESTERN LOUNGE, LLC. ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff Marcia Clark's September 5, 2018, Motion for Oral Argument regarding Plaintiff's Motion to Remand, filed August 20, 2018. (ECF No. 15; ECF No. 10).

## BACKGROUND

On April 27, 2018, Plaintiff brought a personal injury action against Defendants John Doe and Ballpark Village Holdings Block 600, LLC., d/b/a PBR St. Louis: A Cowboy Bar in the Circuit Court of St. Louis City. (ECF No. 5). On May 8, 2018, Plaintiff filled a Motion to amend her Petition and attached her First Amended Petition as Exhibit A. (ECF No. 1-2, pp. 15-26; ECF No. 6). In that Petition, Plaintiff still named Ballpark Village Holdings Block 600, LLC, d/b/a PRR St. Louis: A Cowboy Bar and John Doe as Defendants.  On May 10, 2018, Ballpark Village Holdings Block 600, LLC., was served in this case. (ECF No. 1-2 at 27). On June 11, 2018, Jaqueline M. Sexton, counsel for Ballpark Village Holdings Block 600, LLC, communicated with counsel for Plaintiff through email correspondence and alerted counsel for Plaintiff that the

1

correct defendant in this case should be SL Western Lounge, LLC. On July 13, 2018, the Circuit Court of St. Louis City filed an Order granting Plaintiff leave to file a Second Amended Petition by Interlineation amending Plaintiff's First Amended Petition naming SL Western Lounge, LLC and John Doe as the proper defendants. (ECF No.8; ECF No. 9).

On July 25, 2018, Defendant SL Western Lounge, LLC, filed Notice of Removal to the United States District Court for the Eastern District of Missouri, Eastern Division on the grounds of Diversity Jurisdiction. (ECF No. 1). On August 20, 2018, Plaintiff contested proper removal in her Motion to Remand Case to State Court, Division 22 – St. Louis City for failure to comply with the statutory thirty day limit for removal and for the failure of parties to be diverse. (ECF No. 10-1)  Defendant SL Western Lounge, LLC., asserts that they were served on June 25, 2018, and therefore filed their Notice of Removal within the thirty day statutory period. (ECF Doc. 14, at 3). Defendant SL Western Lounge, LLC., further asserts that complete diversity exists in this case because Plaintiff is a citizen of Illinois and all of the members of SL Western Lounge, LLC., are citizens of Maryland. *Id.*, at 6. On September 5, 2018, Plaintiff requested a hearing on the Motion to Remand (ECF No. 15).   Plaintiff argues that Defendant has not shown that all members of SL Western Lounge, LLC., are citizens of Maryland or that Defendant SL Western Lounge, LLC., has not shown that it was not assigned this case collusively, and requests oral arguments and testimony on her Motion for Remand. (ECF No. 15). Defendant SL Western Lounge, LLC., argues that Plaintiff's Motion for Oral Argument is untimely and fails to comply with the proper methods of discovery. (ECF No. 16, at 1).

## **LEGAL STANDARD AND DISCUSSION**

Local Rule 78-4.02 provides that, "a party requesting presentation of oral argument or testimony in connection with a motion shall file such request with its motion or memorandum

briefly setting forth the reasons which warrant a hearing of oral argument or testimony." The plain language of Local Rule 78-4.02 suggests that a request for oral argument or testimony *shall* be filed *with* the motion to which it refers. Plaintiff has failed to request oral argument or testimony in her Motion for Remand. Therefore the Motion for Oral Argument is denied.

It is appropriate for district courts to assert subject matter jurisdiction based upon diversity "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between citizens of different States." 28 U.S.C. §1332. In the Eight Circuit a limited liability company's citizenship is determined by the citizenship of its members for the purpose of establishing diversity jurisdiction. *See, GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-829 (8th Cir. 2004)(declining to apply the corporation citizenship exception to limited liability companies).  Upon review of the record, the Court is unable to determine the citizenship of the members of Defendant SL Western Lounge, LLC. While Defendant has affirmatively stated that its members are citizens of Maryland, no evidence supporting this assertion has been made available to the Court. (ECF No. 14, at 6). "A court has an independent obligation to ensure that the case is properly before it." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016).  "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Id.* (quoting, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978)).   Therefore, the Court will allow the Plaintiff forty-five days to conduct limited discovery for the purpose of obtaining jurisdictional facts establishing the citizenship of the members of SL Western Lounge, LLC. The Court will therefore hold the Motion to Remand in abeyance until such discovery is complete.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion for Oral Argument and Testimony (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Thursday November 1, 2018**, to file an Amended Complaint in this matter.

**IT IS FURTHER ORDERED**  that Plaintiffs Motion for Remand (ECF No. 10) is **HELD IN ABEYANCE**.

Dated this 17th Day of September, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE