UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCIA CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-01223-JCH |
| | ) |
| SL WESTERN LOUNGE, LLC. | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery. (ECF No. 22). The matter is fully briefed and ready for disposition.

On July, 25, 2018, this case was removed from the Circuit Court of St. Louis City to the Eastern District of Missouri. (ECF Nos. 1, 2). On August 20, 2018, Plaintiff moved to remand the case to State Court. (ECF No. 10). On September 5, 2018, Plaintiff requested oral argument and testimony on the Motion to Remand (ECF No. 15). On September 17, 2018, the Court denied the motion and ordered the Plaintiff to conduct discovery as to the issue of diversity jurisdcitition. (ECF No. 19). On November 5, 2018, Plaintiff was ordered to provide the results of this discovery. (ECF No. 21). Plaintiff then filed a Motion to Compel Discovery with regard to two issues pertaining to diversity jurisdiction:

1. Whether Plaintiff's interrogatories 1.e. and 2.c that request Defendant SL Western Lounge, LLC, for each member, or partner, of SL Western Lounge, LLC, state all financial accounts owned and where those accounts are located geographically, for the purposes of establishing citizenship is overbroad; and
2. Whether Defendant SL Western Lounge, LLC, must state information relevant to

1

determine citizenship of the sub-members of the LLC.

In the pending Motion to Compel Discovery, Plaintiff moves the court to compel Defendant SL Western Lounge, LLC, to "for each member that is a person, state all financial accounts owned and where those accounts are located geographically;" and "[f]or all members or partners of SL Western who are not persons state…[a]ll financial accounts operated by the entity and where those accounts are located." (ECF No. 22-1, ¶ 1e, ¶ 2c). Defendant SL Western opposed this interrogatory as "overly broad as to the determination of SL Western's citizenship". (ECF No. 23 at 5). Defendant argues that the location of financial accounts is not necessary to determine citizenship for the purposes of establishing diversity jurisdiction. Plaintiff contends that information about member financial accounts will lead to the discovery of admissible evidence regarding the citizenship of Defendant.

Diversity jurisdiction requires complete diversity between citizens; therefore the defendant cannot hold the same citizenship as the plaintiff. *Eckerberg v. Inter-State Studio Publishing Co.* 860 F.3d 1079, 1084 (8th Cir. 2017). Defendant cites to *Eckerberg* to show the factors that courts ought to use to determine the citizenship individuals for the purposes of establishing diversity jurisdiction. (ECF No. 23 at 5). Defendant directs the Court to look at similar factors as those in *Eckerberg* such as "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property" in determining the citizenship of SL Western Lounge, LLC. *Id.* at 1085. In addition to these factors, *Eckerberg* also demonstrates that bank accounts can be considered in establishing citizenship in diversity cases. *See, Id.* (finding that evidence of voter registration, a driver's license, and a bank account in Florida was sufficient to support the district court's finding that the plaintiff's citizenship was in Florida rather than in Missouri.) Therefore the Court will grant

Plaintiff's Motion to Compel as to information regarding the location of the financial accounts owned by the members and sub-members of the LLC, and will order the parties to enter into an appropriate confidentiality agreement regarding the production of evidence regarding these financial accounts.

Plaintiff additionally contends that Defendant's assertion that the sub-members of the LLC are diverse is not sufficient to establish diversity jurisdiction. (ECF No. 22 at 2). In their responses, Defendant stated that two of the members of SL Western Lounge LLC, are limited liability companies, Bridle Ridge Investments, LLC, and Martin Family Investments, LLC. *Id.* Defendant also stated that neither limited liability company owns any real property in Missouri. *Id.* at 3. Defendant specifically states:

> Bridle Ridge Investments, LLC is a limited liability company organized under the laws of the State of Alaska. Its sole member is the Charles F Jacobs Family Trust, *which is domiciled and a citizen of Maryland*. Bridle Ridge pays its income tax in Alaska.
> Martin Family Investments, LLC is a limited liability company organized under the laws of the State of Maryland. Its sole member is Chase Martin, who is *domiciled and a citizen of Maryland*. Martin Family Investments, LLC pay's its income tax in Maryland.

(ECF No. 22-1 at 4). In support thereof, Defendant attached the Declaration of Amanda E. Amos. (ECF No. 23-7). Plaintiff argues that Defendant must provide additional relevant information and evidence to support the asserted citizenship of the sub-members. (ECF No. 22 at 2). The Court agrees.

The Eighth Circuit has been clear that for the purposes of diversity jurisdiction, a limited-liability company takes the citizenship of each of its members. *See E3 Biofules, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015). Although the Court of Appeals has not specifically addressed whether the citizenship of sub-members is relevant to establishing diversity citizenship, other courts have written on this issue. In this circuit, the United States District Court

3

for the District of Minnesota has stated that, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company… [b]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub member' as well." *American Seeds, LLC v. Dalchow*, 2012 WL 5931721, at *1 (D.Minn. Nov. 27, 2012)(quoting *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003,1005 (6th Cir.2009)(per curiam))(internal citations omitted). Therefore, the citizenship of SL Western Lounge, LLC is that of each of its members and sub-members.

For the purposes of establishing diversity jurisdiction, the citizenship of Martin Family Investments, LLC is the citizenship of its sole member, Chase Martin, and the citizenship of Bridle Ridge Investments, LLC is the citizenship of the Charles F. Jacob Family Trust both being attributable to SL Western Lounge. Therefore, the Court orders Defendant SL Western Lounge to produce evidence sufficient to identify the members and sub-members of SL Western Lounge, LLC, and establish the citizenships of the sub-members of the limited liability companies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall state the locations of the financial accounts owned by the members and sub-members of SL Western, and that the parties shall enter into an appropriate confidentiality agreement, and that Defendant will produce evidence sufficient to establish the citizenship of the sub-members of SL Western Lounge, LLC's two limited liability company members.

Dated this 29th Day of November 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE