## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARCIA CLARK, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 4:18-cv-01223-JCH v. |
| ) | |
| ) | Division No.: 1 |
| SL WESTERN LOUNGE, LLC ) | |
| ) | |
| ) | |
| And ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

### Introduction

1. Plaintiff Marcia Clark ("Clark") brings this personal injury action against Defendant John Doe ("Doe") for injuries caused when Defendant Doe negligently operated a mechanical bull, causing serious injury.

2. Plaintiff Clark asserts that Defendant Doe was acting in the course and scope of his employ with Defendant SL Western Lounge LLC ( hereinafter "SL WESTERN"), who is liable for her injuries as well.

### Parties and Jurisdiction

3. Plaintiff Clark resides at Somerset Drive, Urbana, Illinois.

4. Defendant SL WESTERN is a domestic corporation licensed to do business in Missouri. They can be served with process on their registered agent at the address listed above.

1

5. Defendant Doe is the employee of SL WESTERN who was operating the mechanical bull at the time of Plaintiff's injury. Plaintiff requests leave of court to modify her petition following initial discovery as to the identity of Defendant Doe.

6. This is the proper venue per Mo. Rev. Stat. 508.010 because all of the facts giving rise to Plaintiff's claim for relief occurred at Defendant SL WESTERN's location at 601 Clark Avenue, St. Louis, Missouri.

Facts Common to All Counts

7. On or around May 20, 2016, Plaintiff Clark visited the SL WESTERN Bar located at 601 Clark St., St. Louis, Missouri.

8. Defendant SL WESTERN owns and operates the bar located at 601 Clark St., St. Louis, Missouri.

9. Defendant SL WESTERN's bar is marketed as a "[l]ively country bar offering cocktails, brews, a dance floor & a mechanical bull in rustic chic digs."[1]

10. Around 1:30 PM, Plaintiff Clark and her group of friends began to watch the mechanical bull located at Defendant SL WESTERN's Clark Street bar. At that time, another person was riding the bull.

11. Defendant John Doe was operating the bull in the course and scope of his employment with Defendant SL WESTERN at all times relevant to this lawsuit.

12. Defendant Doe began trying to coerce Plaintiff Clark to ride the bull around the time that Plaintiff Clark started to watch the other woman ride. Defendant Doe teased Plaintiff Clark and continued to press her to ride the bull. Defendant Doe also assured

---

[1] SL WESTERN st louis – Google Search (2018). https://www.google.com/search?q=SL WESTERN+st+louis&ie=utf-8&oe=utf-8&client=firefox-b-1-ab (last visited April 27, 2018).

Plaintiff Clark that the bull was safe and that he would operate it in a slow and relatively gentle manner.

13. After about 15 minutes of coercion and repeated promises that the bull would be operated at a very low intensity, Plaintiff Clark agreed to ride the bull.

14. When Plaintiff Clark entered the area restricted to bull riders and operators near the mechanical bull, she again expressed reservations about riding the bull to Defendant John Doe.

15. Defendant Doe again assured Plaintiff Clark that the bull would be operated at a lessor intensity during Plaintiff Clark's ride. Defendant Doe even helped boost Plaintiff Clark onto the ride. Once on the ride and before it started, he again assured Plaintiff Clark that he would operate the bull with less travel, speed and intensity than normal.

16. Defendant Doe then began operating the bull that Plaintiff Clark was riding. The bull operated at a low speed, and did a few spins with a small amount of travel for a ride of about 30 seconds.

17. After about 30 seconds riding the bull, Plaintiff Clark told Defendant Doe that she was done riding the bull. She said "I'm done" and looked at Defendant Doe.

18. Defendant Doe acknowledged that Plaintiff Clark was done riding by verbally and non-verbally indicating the understanding.

19. Then, the bull suddenly and without warning to Plaintiff Clark, the bull heaved and pitched. The bull pitched forward, with it's nose and front moving violently downward. The downward movement was of greater travel, speed and intensity than at any other point during the ride.

20. Plaintiff Clark's body began flying off the bull because of the violent pitching. However, her left ankle was caught on the bull. Her ankle was shattered by the violent and unexpected twisting force that threw her from the bull.

21. After flying off the bull, impacting the ground and beginning to cry and scream from the pain, Plaintiff Clark came to rest a few feet away from the bull.

22. Defendant Doe noticed that Plaintiff Clark was hurt, and immediately began yelling to his manager that "she signed the waiver! She signed the waiver!" Defendant Doe didn't care that Plaintiff Clark was hurt, and only cared about himself.

23. Defendant Doe was at all times operating the bull in the scope of his employment with Defendant SL WESTERN.

24. Defendant SL WESTERN operates their bar with policies and procedures regarding the operation of their mechanical bull.

25. Defendant SL WESTERN markets itself as an expert in safe mechanical bull riding.

26. In fact, "SL WESTERN" is an acronym for Professional Bull Riders.

27. As a result of the negligence and/or gross negligence of Defendant Doe and Defendant SL WESTERN, Plaintiff Clark has suffered substantial damages, including a surgery for her ankle, and incurred numerous medical bills. She has diminished working capacity and lost wages. Her pain continues and is expected to persist for a lifetime. Plaintiff Clark's life will never be the same.

<u>Count 1: Negligence Against Defendant Doe</u>

COMES NOW, Plaintiff Clark, and for her claim for negligence against Defendant John Doe, says:

28. Plaintiff adopts and restates all of the above paragraphs as if set for fully here again.

29. At all times mentioned herein, Defendant Doe was an agent, servant, and/or employee of Defendant SL WESTERN.

30. Defendant Doe's job duties included describing risks of bull riding and complying with patron's requests to end bull rides.

31. Plaintiff requests leave of court to modify this petition and identify Defendant Doe with particularity following Defendant SL WESTERN's responses to initial discovery regarding their identity.

32. Defendant Doe held themselves out to be an expert in safe and professional mechanical bull riding.

33. Defendant Doe had a duty to use the same level of care as a professional mechanical bull operator, and to use reasonable care to protect patrons from harm.

34. Defendant Doe breached these duties and was guilty of the following acts of negligence, carelessness, and recklessness:

    a. Failure to operate the mechanical bull in a safe manner;

    b. Failure to explain the risks associated with mechanical bull riding;

    c. Failure to stop the bull after Plaintiff Clark requested;

    d. Failure to understand how to operate the bull in a safe manner;

    e. Failure to maintain the bull in good repair;

    f. Failure to slow the bull so that Plaintiff Clark could get off;

    g. Failure to tie Plaintiff Clark's leg into the stirrup in a manner that would prevent her from having her ankle shattered if she came off the bull;

    h. Causing the bull to suddenly and violently pitch forward after Plaintiff Clark requested getting off the bull, resulting in serious injury.

35. Defendant Doe was performing the duties as a mechanical bull operator in a careless, reckless and negligent manner in that they:

    a. Failed to use reasonable care;

    b. Failed to observe the risk associated with operating the mechanical bull;

    c. Failed to explain the risk to Plaintiff Clark;

    d. Coercing Plaintiff Clark to ride the bull against her will;

36. In each respect itemized above, Defendant Doe showed a complete indifference to and/or conscious disregard for the safety of others, including Plaintiff Clark and others similarly situated to Plaintiff Clark.

37. Defendant Doe failed to operate the bull in accordance with the policies and practices of safe mechanical bull operation.

38. All of Defendant Doe's negligent acts related to operation of the mechanical bull are imputed to Defendant SL WESTERN by virtue of respondeat superior.

39. Plaintiff Clark was thrown from the bull and had her ankle shattered as a direct and proximate result of the negligence of all defendants.

40. Plaintiff Clark's injuries were jointly and severally caused by the negligence of all Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on the part of Plaintiffs.

41. Defendant SL WESTERN is vicariously liable for the negligent acts of Defendant Doe as they relate to Plaintiff Clark's injuries.

42. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

a. For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

b. For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

c. For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Count 2: Vicarious Liability and Negligence Against Defendant SL WESTERN

COMES NOW Plaintiff Clark, and for her claim of negligence by virtue of vicarious liability against Defendant SL WESTERN, states as follows:

43. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

44. At the time of Plaintiff Doe's negligence, Defendant Doe was an agent, servant and employee under the control, right of control, join and mutual control, or joint and mutual right of control of Defendant SL WESTERN.

45. All acts of negligence, as described above, on the part of Defendant Doe were committed within the course and scope of Defendant Doe's employment of, with and for Defendant SL WESTERN and Defendant SL WESTERN is vicariously liable for the actions or inactions of Defendant Doe in relation to Plaintiff's injuries.

46. Defendant SL WESTERN was further negligent in that it permitted Defendant Doe to operate the mechanical bull in a reasonably prudent manner, when in fact Defendant Doe could not so operate the bull in that way.

7

47. Defendant SL WESTERN was further negligent in that it permitted Defendant Doe to operate the mechanical bull with adequate training and expertise to be considered a "professional bull rider."

48. Plaintiff sustained severe injury as a direct and proximate result of the negligence of Defendants, and each of them, jointly, severally and in combination with the negligence of co-defendants as set for and alleged herein and hereinafter.

49. Plaintiff's injury was caused joinly and severally by the negligence of all named Defendants, and each of them, and Defendants' agents, servants, and employees, without any contributing negligence on behalf of Plaintiffs.

50. Defendant SL WESTERN is vicariously liable for the negligent acts of Defendant Doe as it relates to Plaintiff's injury.

51. Plaintiff has suffered substantial injuries as a result of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

   a. For a actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

   b. For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

   c. For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Count 3: Negligent Hiring and Supervision Against Defendant SL WESTERN

COMES NOW Plaintiff Clark, and for her claim of negligent hiring and supervision against Defendant SL WESTERN, states as follows:

52. Plaintiff adopts and restates all of the above paragraphs as if set forth fully here again.

53. Defendant SL WESTERN was further negligent in the following manners and particulars:

    a. They failed to make a reasonable inquiry as to Defendant Doe's competence to safely operate the mechanical bull;

    b. They selected an incompetent and unfit staff member;

    c. They failed to select a competent and fit staff member;

    d. They hired and retained an unsafe and unqualified staff member; and,

    e. They hired and retained an inadequately trained and incompetent staff member.

54. Defendant SL WESTERN owed the general public, including Plaintiff, a duty to determine the qualification of its agents, servants and employees, including but not limited to:

    a. Adequately evaluating applicants before hiring them as mechanical bull operators; and,

    b. Adequately training and supervising said agents, servants and employees; and,

    c. Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injured the public.

55. It was the duty of SL WESTERN to exercise ordinary care not to hire or retain an employee that SL WESTERN knew or should have known posed a risk of harm to

others where is reasonably foreseeable that Defendant Doe was reasonably likely to make the type of mistake that injured Plaintiff.

56. As a direct and proximate result of the negligence of defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein and hereinafter, Plaintiff suffered serious injury.

57. Plaintiff has suffered substantial damages because of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

WHEREFORE, Plaintiff Clark prays for judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

a. For actual damages in an amount in excess of $25,000.00 in an amount that is found fair and reasonable to compensate her for her injuries and damages;

b. For aggravated damages (punitive damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

c. For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

Submitted this 8th Day of May, 2018.

Respectfully submitted,

**OTT LAW FIRM**

*Joe Ott*
_____
Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone: (314) 293-3756

10

                                                Facsimile:   (314) 228-0021
                                                *Attorneys for Plaintiff*