## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARCIA CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No.  4:18-CV-01223 |
| v. ) | |
| ) | <u>Jury Trial Demanded</u> |
| SL WESTERN LOUNGE, LLC ) | |
| ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

### <u>SL WESTERN LOUNGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

COMES NOW Defendant SL Western Lounge, LLC ("SL Western"), by and through its counsel of record, and for its Answer and Affirmative Defenses, states as follows:

### <u>Introduction</u>

1.   SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

2.   SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

**Parties and Jurisdiction**

3. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

4. SL Western admits it is a domestic limited liability company registered to do business in the state of Missouri and denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint.

5. SL Western is without sufficient information to admit or deny allegations set forth in Paragraph 5 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

6. SL Western denies the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

**Facts Common to All Counts**

7. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

8. SL Western admits the allegations set forth in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. SL Western admits that an Internet search via the Google search link cited by Plaintiff produces the language contained in Paragraph 9 of Plaintiff's Second Amended Complaint. SL Western denies the remaining allegations set forth in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

11. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

12. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

13. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

14. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

15. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

16. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

17.     SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

18.     SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

19.     SL Western denies the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     SL Western denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 21 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

22.     SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

23.     SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Second Amended Complaint, and, therefore, denies the allegations.

24.     SL Western admits the allegations set forth in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     With respect to Paragraph 25 of Plaintiff's Second Amended Complaint, SL Western admits that the mechanical bull within PBR St. Louis is operated in a safe manner at all

relevant times, and denies any allegations inconsistent with the foregoing.  Further, SL Western denies it markets itself as an expert in mechanical bull riding.

26. SL Western denies the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. SL Western denies the allegations set forth in Paragraph 27 of Plaintiff's Second Amended Complaint.

### Count 1:  Negligence Against Defendant Doe

28. SL Western hereby incorporates by reference its responses to Paragraphs 1 through 27 as though fully set forth herein.

29. SL Western is without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

30. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 30 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

31. Paragraph 31 of Plaintiff's Second Amended Complaint sets forth a legal conclusion and, as such, no response is required.  To the extent Paragraph 31 sets forth any factual allegations to which a response is required, SL Western denies the same.

32. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 32 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

33. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 33 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

34. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 34 of Plaintiff's Second Amended Complaint, including all subparts contained therein, and, therefore, denies the allegations.

35. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 35 of Plaintiff's Second Amended Complaint, including all subparts contained therein, and, therefore, denies the allegations.

36. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

37. SL Western is without sufficient information to admit or deny the allegations set forth in Paragraph 37 of Plaintiff's Second Amended Complaint and, therefore, denies the allegations.

38. SL Western denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. SL Western denies the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40. SL Western denies the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41. SL Western denies the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. SL Western denies the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

WHEREFORE, SL Western requests the Court enter judgment in its favor against Plaintiff and award it fair and reasonable costs, expenses, and any other relief the Court deems just.

**Count 2: Vicarious Liability and Negligence Against Defendant SL Western**

43. SL Western hereby incorporates by reference its responses to Paragraphs 1 through 42 as though fully set forth herein.

44. SL Western denies the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45. SL Western denies the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. SL Western denies the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47. SL Western denies the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48. SL Western denies the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49. SL Western denies the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50. SL Western denies the allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

51. SL Western denies the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint.

WHEREFORE, SL Western requests the Court enter judgment in its favor against Plaintiff and award it fair and reasonable costs, expenses, and any other relief the Court deems just.

## Count 3: Negligent Hiring and Supervision Against SL Western

52. SL Western hereby incorporates by reference its responses to Paragraphs 1 through 51 as though fully set forth herein.

53. SL Western denies the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint, including all subsections contained therein.

54. SL Western denies the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint, including all subsections contained therein.

55. SL Western denies the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56. SL Western denies the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. SL Western denies the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

WHEREFORE, SL Western requests the Court enter judgment in its favor against Plaintiff and award it fair and reasonable costs, expenses, and any other relief the Court deems just.

**General Denial**

1. SL Western denies all allegations contained in Plaintiff's Second Amended Complaint that are not directly admitted or denied in paragraphs 1 through 57, above.

**Additional & Affirmative Defenses**

In further defense and response to the allegations contained in Plaintiff's Second Amended Complaint, or as affirmative defenses to the claims asserted therein, and without assuming the burden of proof or the burden of persuasion on any issue with respect to which such burden falls upon another party, SL Western states and alleges as follows:

1. In further answer and by way of affirmative defense, Plaintiff's Second Amended Complaint fails to state a claim for which relief may be granted, and, therefore, should be dismissed, in that it fails to allege facts which, if true, would support all essential elements of a legally cognizable claim for premises liability, negligence, negligent hiring, or vicarious liability.

2. In further answer and by way of affirmative defense, SL Western states that, if Plaintiff sustained any damages as alleged in her Second Amended Complaint, which is denied, such damages were directly and proximately caused or contributed to be caused by the negligence and/or fault of Plaintiff including, without limitation, the following: (a) failing to use reasonable care while riding the mechanical bull; (b) failing to exercise proper caution; (c) failing to ride the bull in a safe manner; (d) failure to ride the mechanical bull as instructed; and/or (e) failure to act with ordinary care to take precautions for her own safety. Such negligence and/or fault must be compared to bar or reduce Plaintiff's recovery from SL Western.

3. In further answer and by way of affirmative defense, SL Western states that, if Plaintiff sustained any damages as alleged in her Second Amended Complaint, which is denied, such damages were directly and proximately caused or contributed to by risks which were known

9

to Plaintiff and voluntarily assumed and accepted by Plaintiff.  Such assumption of risk operates to bar or reduce Plaintiff's recovery from SL Western.

4. In further answer and by way of affirmative defense, SL Western states that Plaintiff's claims are barred by the doctrines of waiver, release, and estoppel because the Plaintiff knowingly and voluntarily executed a waiver releasing Plaintiff's claims.

5. Alternatively, the negligence, fault or carelessness of Plaintiff, as described above or of other responsible parties, was the sole, intervening, or superseding cause of Plaintiff's claimed injuries and damages, the extent and nature of which are specifically denied.

6. In further answer and by way of affirmative defense, SL Western states that, if Plaintiff sustained any damages as alleged in her Second Amended Complaint, which is denied, Plaintiff failed to exercise reasonable efforts to avoid and/or minimize said damages.  Plaintiff failed to take advantage of all medical treatment prescribed for her benefit, failed to strictly comply with all recommended medical treatment, and failed to take other measures recommended by her health care professionals to prevent further injury or damage.  Such failure to mitigate her damages operates to bar or reduce Plaintiff's recovery from SL Western.

7. In further answer and by way of affirmative defense, SL Western states that, in the event Plaintiff enters into an agreement by release, covenant not to sue, and/or covenant not to enforce a judgment with any person or entity which may be liable in tort to Plaintiff for the injuries and damages alleged to have been sustained by Plaintiff in her Complaint, such agreement shall reduce Plaintiff's claim against SL Western by the stipulated amount of the agreement or the amount of consideration paid, whichever is greater, pursuant to R.S.Mo. §537.060.

8. In further answer and by way of affirmative defense, SL Western states that if Plaintiff sustained any damages as alleged in her Second Amended Complaint, which is denied, such damages were directly and approximately caused or contributed to by conditions which were inherently dangerous. The inherently dangerous nature of the conditions which Plaintiff alleges caused or contributed to cause her damages operates to bar or reduce Plaintiff's recovery from SL Western.

9. Plaintiff's damages for medical expenses, the extent and nature of which are specifically denied, must be limited to the reasonable value of any medical treatment, to be determined pursuant to Mo. Rev. Stat. § 490.715. Plaintiff is not entitled to recover damages for medical expenses that exceed the actual dollar amount necessary to satisfy the obligation(s) owed to her healthcare providers.

10. Plaintiff brought on her own injuries and damages, if any, by her own conduct.

11. Any claim for punitive damages is barred because any award of punitive damages would constitute a denial of substantive due process and procedural due process in violation of the Fifth, Sixth, Seventh and Fourteenth Amendments of the United States Constitution and the Missouri Constitution.

12. Plaintiff's request for punitive damages is barred by the defenses set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999) and other applicable authorities, in that Plaintiff cannot establish the state of mind of Defendant SL Western evidenced malice or reckless indifference to Plaintiff or that SL Western engaged in some egregious misconduct and, further, SL Western made a good faith effort to comply with all applicable laws.

13. SL Western reserves the right to assert additional or different affirmative defenses not now known but which may become apparent during the course of this matter and to amend its answer to assert such affirmative defenses.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, SL Western prays that this Court enter judgment in their favor and against Plaintiff on all allegations of Plaintiff's Second Amended Complaint; that the Second Amended Complaint be dismissed with prejudice; that SL Western be awarded its costs and expenses; and for such other and further relief as the Court deems just and proper.

**DEFENDANT REQUESTS A JURY TRIAL
ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.**

/s/  Jacqueline M. Sexton
JACQUELINE M. SEXTON      #53262
1200 Main St., Suite 2200
Kansas City, Missouri  64105
Telephone:  (816) 427-7474
Facsimile:  (816) 472-6262
Email:  jsexton@fwpclaw.com
**ATTORNEY FOR DEFENDANT
SL WESTERN LOUNGE, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January 2019, I electronically filed the foregoing with the Clerk of the District Court by using the CM/ECF/PACER system, which will send notice of electronic filing to counsel of record.

        /s/ Jacqueline Sexton
        **ATTORNEY FOR DEFENDANT**
        **SL WESTERN, LLC**