# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARCIA CLARK, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:18-CV-01223-JCH |
| SL WESTERN LOUNGE, LLC ) | |
| Defendant. ) | |

## MEMORARNDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed August, 20, 2018, (ECF No. 10). The matter is fully briefed and ready for disposition.

## BACKGROUND

On July 25, 2018, this case was removed from the Circuit Court of St. Louis City to the Eastern District of Missouri by Defendant SL Western Lounge, LLC, on the basis of diversity jurisdiction. (ECF Nos. 1, 2). On August 20, 2018, Plaintiff filed a Motion to Remand arguing that Defendant SL Western Lounge, LLC is prevented from Removal as a forum defendant. (ECF No. 10). On September 5, 2018, Plaintiff requested oral argument and testimony on the Motion to Remand. (ECF No. 15). On September 17, 2018, the Court denied Plaintiff's motion for oral argument and testimony and ordered the Plaintiff to conduct discovery as to the issue of diversity jurisdiction and citizenship in support of her Motion to Remand. (ECF No. 19). On November 5, 2018, Plaintiff was ordered to provide the results of this discovery. (ECF No. 21). Plaintiff then filed a Motion to Compel Discovery regarding the financial accounts of the sub-members of SL Western Lounge, LLC, and other information pertinent to the citizenship of the sub-members. (ECF No. 22).

1

On November 29, 2018, the Court issued a Memorandum and Order granting Plaintiff's motion to Compel and instructed the Defendant to state the locations of the financial accounts owned by the members and sub-members of SL Western Lounge, LLC. (ECF No. 25). On December 18, 2018, the parties filed a Joint Motion for Entry of an Agreed Protective Order which was entered by the Court on January 4, 2019. (ECF Nos. 26, 27). On January 14, 2019, the Court held a telephone conference with the parties and determined that the parties had ten (10) days to confirm and resolve the outstanding matters regarding the Motion to Remand. (ECF Nos. 32, 33).

On January 25, 2019, the Plaintiff filed a Supplemental Memorandum in this case with regard to the Motion to Remand. (ECF No. 38). In her Supplemental Memorandum, Plaintiff argues that because additional discovery indicates that SL Western Lounge, LLC has a financial account in Missouri, Missouri citizenship should be conferred on Defendant. *Id.* On February 4, 2019, Defendant filed its Sur-reply to the Motion to Remand, arguing that Plaintiff has not made a proper argument to show that removal was improper in this case, and on February 6, 2019, Defendant filed its discovery responses with the Court. (ECF No. 41).

**LEGAL STANDARD**

I. **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." "The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Boschert v. Wright Medical Group, Inc.*, 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015) (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)). Removal statutes

are strictly construed, and "any doubts about the propriety of removal must be resolved in favor of remand." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1025 (E.D. Mo. 2014) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). Diversity jurisdiction requires complete diversity between citizens; therefore the Defendant cannot hold the same citizenship as the Plaintiff. *Eckerberg v. Inter-State Studio Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017).

## II.     Forum Defendant Rule

Although a defendant generally may remove a case to federal court when the federal court would have original jurisdiction over the action, "there is a restriction on the removal of diversity cases known as the 'forum defendant rule.'" *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012). This rule, set forth in 28 U.S.C. § 1441(b), "makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff." *Johnson v. Emerson Elec. Co.*, 2013 WL 5442752, at *1 (E.D. Mo. Sep. 30, 2013) (citations omitted). "Under § 1441(b), a defendant can remove a case based on diversity jurisdiction 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b)); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981)). Federal courts thus lack diversity jurisdiction over a removed case in which one or more of the defendants is a citizen of the forum state, *see Perez*, 902 F.Supp.2d at 1241, and "the violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." *Horton*, 431 F.3d at 605 (internal quotations and citation omitted).

### III. Citizenship of Limited Liability Companies

The Eighth Circuit has been clear that for the purpose of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. *See E3 Biofules, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015). Although the Court of Appeals has not specifically addressed whether the citizenship of sub-members is relevant to establishing diversity citizenship, other courts have written on this issue. In this circuit, the United States District Court for the District of Minnesota has stated that, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company… [b]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub member' as well." *American Seeds, LLC v. Dalchow*, 2012 WL 5931721, at *1 (D.Minn. Nov. 27, 2012)(quoting *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003,1005 (6th Cir.2009)(per curiam))(internal citations omitted).

## DISCUSSION

In its previous order the Court discussed the sub-member structure of SL Western Lounge, LLC. (ECF No. 25). In this case, Defendant asserted that two of the members of SL Western Lounge, LLC, are limited liability companies – Bridle Ridge Investments, LLC and Martin Family Investments, LLC. *Id.* (citing ECF No. 22 at 2). Bridle Ridge Investments, LLC is a limited liability company whose sole member is the Charles F. Jacobs Family Trust. (ECF No. 22-1, at 4). Martin Family Investments, LLC is a limited liability company whose sole member is Chase Martin. *Id.* Additionally, the Court previously determined that bank accounts can be considered in establishing citizenship in diversity cases. Therefore, if the Plaintiff demonstrates that either the Charles F. Jacobs Family Trust, or Chase Martin are Missouri citizens, federal

jurisdiction in this case would be improper under the forum defendant rule. *See, Johnson v. Emerson Elec. Co.*, 2013 WL 5442752, at *1 (E.D. Mo. Sep. 30, 2013).

In her supplemental memorandum, the Plaintiff claims that supplemental discovery revealed that the Defendant's downtown location operates their facility using bank accounts in St. Louis, Missouri and therefore, removal is not appropriate. In support thereof, the Plaintiff attaches an email exchange between the parties in which it is noted that SL Western Lounge, LLC has financial accounts in Missouri. (ECF No. 38-1). The Plaintiff has failed to make any showing that the Missouri account standing alone should confer Missouri citizenship upon the defendant. *See, Eckerberg*, 860 F.3d at 1085 (finding that evidence of voter registration, a driver's license, and a bank account in Florida was sufficient to support the district court's finding that the plaintiff's citizenship was in Florida rather than in Missouri).

As stated in the Court's previous order, the outstanding issue with regard to the citizenship of SL Western Lounge, LLC, is the citizenships of its sub-members, the Charles F. Jacobs Family Trust, and Chase Martin whose citizenship is attributable to Martin Family Investments, LLC. The citizenship of a limited liability company is that of its members, and where applicable its sub-members. *See E3 Biofules, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *and see, American Seeds, LLC v. Dalchow*, 2012 WL 5931721, at *1 (D.Minn. Nov. 27, 2012)(quoting *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003,1005 (6th Cir.2009)(per curiam))(internal citations omitted). Plaintiff has not tied the presence of the Missouri account to the citizenship of any of the sub-members of SL Western Lounge, LLC; nor has the Plaintiff made any argument to suggest that the account should be weighed as a factor to establish Missouri citizenship for either of the outstanding sub-members.

In Defendant SL Western Lounge, LLC's Supplemental Response to Plaintiff's Interrogatories, the Defendant affirmatively provided information regarding the accounts and

property attributable to the Martin Family Investments, LLC, none of which tie Martin Family Investments, LLC to Missouri for the purposes of citizenship. (ECF No. 42). The Defendant also provided detailed information regarding the Charles F. Jacobs Family Trust and its Trustees. Based on this information, a finding of Missouri citizenship of the Charles F. Jacobs Family Trust is not supported. *Id.* Upon review of the record and absent any argument connecting the Missouri account to any of the members or sub-members of SL Western Lounge, LLC, the Court finds that removal based on diversity of citizenship was proper.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 10) is **DENIED**.

Dated this 11th Day of February, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE