UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARCIA CLARK,)
)
Plaintiff,)
)
v.) Case No. 4:18-CV-01223 JCH
)
SL WESTERN LOUNGE, LLC.)
)
Defendant.)

# MEMORDANDUM AND ORDER

This matter is before the Court on the Motion of Defendant SL Western Lounge, LLC., for summary judgment. (ECF No. 57). The motion is fully briefed and ready for disposition.

## PROCEDURAL BACKGROUND

Plaintiff filed the instant case on April 27, 2018, in the Circuit Court of St. Louis City for injuries the Plaintiff sustained from riding a mechanical bull at a bar owned and operated by Defendant SL Western Lounge, LLC. Defendant removed the case to this Court on July 25, 2018. (ECF No. 1). On January 8, 2019, Plaintiff filed a Second Amended Complaint. (ECF No. 31) The Second Amended Petition alleges:

> Count I: Negligence against John Doe
> Count II: Vicarious Liability and Negligence against SL Western Lounge, LLC.
> Count III: Negligence against Defendant SL Western Lounge.

On October 18, 2019, Defendant moved for summary judgment in this case on both counts brought against it. (ECF No. 57). In its motion Defendant argues that summary judgment should be granted because the assumed the risk of riding a mechanical bull thereby negating any liability the Defendant may have had regarding vicarious liability for the alleged negligence of its employee, John Doe, and the alleged negligence against itself. Defendant argues that summary

1

judgment is also appropriate as to Plaintiff's claims for negligent hiring and supervision. Defendant asserts that Plaintiff has failed to plead the elements necessary to demonstrate a prima facie case for negligent hiring and supervision. Defendant additionally argues that the Plaintiff's own pleadings negate an essential element of the claim.

Plaintiff has failed to identify or serve John Doe in this case. On December 10, 2019, the Court dismissed John Doe as a party pursuant to Federal Rule of Civil Procedure 4(m) which requires service on defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m); (ECF Nos. 66, 69). In doing so, the Court dismissed Count I for negligence against John Doe from Plaintiff's Complaint.

**FACTS ON SUMMARY JUDGMENT**

Defendant SL Western Lounge owns and operates PBR Big Sky Cowboy Bar ("PBR") in St. Louis, Missouri. (ECF No. 58, ¶ 1). John Doe was an employee of Defendant SL Western Lounge. *Id.* ¶ 2. On May 20, 2016, Plaintiff visited PBR. *Id.* ¶ 5. While at PBR, Plaintiff watched another patron ride the mechanical bull. *Id.* ¶ 6. Plaintiff thereafter rode the mechanical bull. *Id.* ¶ 7. After Plaintiff entered the bull riding area, she alleges that she expressed reservations about riding the bull. *Id*. ¶ 8. Plaintiff alleges that the bull pitched forward with its nose and front moving violently downward at a greater intensity than at any other point during the ride. (ECF No. 61-1, at 2). Due to the forward pitch of the mechanical bull, Plaintiff alleges she suffered injury to her left ankle. (ECF No. 58, ¶ 10).

The parties dispute the events causing Plaintiff to ride the mechanical bull. Plaintiff alleges that John Doe coerced the Plaintiff to ride the bull and assured her that he would operate it in a slow manner. (ECF No. 61-1, ¶ 16). Plaintiff further alleges that after about 30 seconds of riding the bull, the Plaintiff told John Doe that she was done riding. *Id.* ¶ 21. John Doe acknowledged

that Plaintiff was done riding by indicating an understanding. *Id.* ¶ 22. Plaintiff fell off the bull and began to cry or scream from pain. *Id.* ¶ 25. Plaintiff alleges that John Doe yelled that the Plaintiff signed the waiver. *Id.* ¶ 26. Defendant challenges these allegations on the basis that Plaintiff has not submitted a proper declaration to support her assertions. *See Discussion infra*.

## **DISCUSSION**

### I. Count II: Vicarious Liability and Negligence

In Count II of her claim, Plaintiff alleges that Defendant SL Western Lounge "is vicariously liable for the actions or inactions of [John] Doe in relation to Plaintiff's injuries" and that "Defendant SL W[estern] was further negligent in that it permitted [John] Doe to operate the mechanical bull in a reasonably prudent manner, when in fact [John] Doe could not so operate the bull in that way…. [and] that it permitted [John] Doe to operate the mechanical bull with adequate training and expertise to be considered a 'professional bull rider'" (ECF No. 31, ¶¶ 45-47).

In so much as Count II is for the vicarious liability of the Defendant arising from the underlying negligence of John Doe, Count II is barred. Due to the dismissal of Count I there can be no vicarious liability. *See Prosser v. Nagaldinne*, 2013 WL 308770, at * 2 (E.D. Mo. Jan. 25, 2013)(finding that the employer defendant could not be held liable for negligence when no claim for negligence against its employees or agents remained)("Respondeat Superior imposes vicarious liability on employers for the negligent acts or omissions of employees or agents as long as the acts or omissions are within the scope of employment or agency"). In so much as Count II alleges individual negligence Defendant SL Western Lounge, it remains.

To state a claim for negligence against Defendant SL Western Lounge apart from Plaintiff's claim of vicarious liability, the Plaintiff must plead (1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) failure of the defendant to perform that

duty; and (3) injury to the plaintiff resulting from such failure. *Davis v. Dunham's Athleisure Corp.*, 362 F.Supp. 3d 651 (E.D. Mo. 2019)(citing *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 98 (Mo. App. W.D. 2006). In support of direct negligence against Defendant SL Western, Plaintiff merely alleges that Defendant was negligent in permitting John Doe to operate the mechanical bull, but has not provided additional facts or arguments indicating how Defendant SL Western was negligent. Absent more, Plaintiff's claim for the direct negligence of Defendant SL Western fails to comply with Federal Rule of Civil Procedure 8(a) and does not appear distinct from her claims in Count III for negligent hiring and negligent supervision.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555)(discussing standard of review on a motion to dismiss). Plaintiff's claim cannot survive under the standard set forth under Rules 8(a) or 12(b)(6) of the Federal Rules of Civil Procedure for a motion to dismiss. The standard utilized to analyze a motion to dismiss for failure to state a claim is more lenient than that on summary judgment. Therefore, Plaintiff's claim cannot survive the more stringent summary judgment standard. Count II for the direct negligence of Defendant SL Western is therefore dismissed.

## II.     Negligent Hiring and Negligent Supervision Claims

Plaintiff alleges that Defendant was negligent in hiring and supervising John Doe by allowing him to operate the mechanical bull at issue in this case. To properly plead a claim for negligent hiring and supervision the Plaintiff must show: (1) Defendant knew or should have known of the employee's dangerous proclivities, (2) Defendant's negligence was the proximate cause of the Plaintiff's injuries. *Storey v. RGIS Inventory Specialists, LLC.*, 466 S.W.3d 650, 656

(Mo. Ct. App. 2015). Defendant argues that the Plaintiff has failed to allege any facts to show that John Doe had dangerous proclivities and, because Plaintiff's own pleadings are deficient, no genuine issue of material fact exists. (ECF No. 58, at 7).

### A. Summary Judgment Standard

The court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255.

### B. Negligent Hiring and Negligent Supervision

As set forth above, the Plaintiff must show that the employee had some "dangerous proclivity" and that Defendant's negligence caused Plaintiff's injuries. *Storey*, 466 S.W.3d at 656.

Plaintiff alleges that Defendant SL Western failed to make a reasonable inquiry into John Doe's ability to operate the mechanical bull and that Defendant hired and retained unqualified staff. (ECF No. 31, ¶53). Nowhere in the pleadings, or in her briefing on summary judgment does the Plaintiff indicate that Defendant SL Western should have been aware of John Doe's dangerous proclivities based on prior conduct. *See, Lambert v. New Horizons Cmty. Support Servs.*, No. 2:15-CV-04291-NKL, 2016 WL 1562963, at *4 (W.D. Mo. Apr. 18, 2016)(dismissing Plaintiff's claims for negligent hiring with prejudice because the Plaintiff failed to allege that the employer knew or should have known of the employees dangerous proclivities based on prior acts of misconduct before committing the act that caused the injury); *Clevenger v. Howard*, No. 15-6110-CV-SJ-REL, 2015 WL 7738372, at *4 (W.D. Mo. Nov. 30, 2015)(holding that plaintiff's claim for negligent hiring failed as a matter of law because plaintiff failed to allege prior misconduct by an employee that would be consistent with establishing dangerous proclivities).

Defendant further argues that the Plaintiff has failed to provide facts demonstrating that John Doe acted outside the scope of his employment. In Missouri, a cause of action for negligent hiring and negligent supervision must contain "evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 87 (Mo. Ct. App. 2012)(citation omitted). In addition to Plaintiff's failure to provide facts supporting this essential element, the Plaintiff has pled that John Doe acted within the scope of his employment at all relevant times during the lawsuit. (ECF No. 31, ¶¶ 11, 23, 45). Due to these deficiencies in Plaintiff's pleadings, the court finds that summary judgment is appropriate in this case.

Even if Plaintiff's claims were not deficient on their face, Plaintiff has not adequately set forth any facts to support her allegations of negligence. Plaintiff's argument in response to

6

Defendant's motion for summary judgment is based on Plaintiff's account that John Doe pressured her to ride the mechanical bull and then operated it negligently. Yet, Plaintiff failed to pursue thus cause of action against John Doe. Plaintiff's only support for her claim, and statement of facts is the declaration of Betty Tate. (ECF No. 61-2). This declaration fails to meet the standards set forth in Federal Rule of Civil Procedure 56 regarding affidavits or declarations. Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff has not indicated that Ms. Tate's testimony is competent or based on personal knowledge. Plaintiff has failed to provide any foundation as to how Ms. Tate received the information to which she attests. (ECF No. 61-2). Since the count alleging negligence by John Doe was dismissed rendering vicarious liability is inapplicable and Plaintiff has failed to support her assertions regarding Count III, the Court finds no issues of material fact exist with respect to Plaintiff's claims in Count III. Summary judgment for the Defendant will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgement (ECF No. 57) is **GRANTED**, a judgment shall issue following this Order.

Dated this 18th day of December 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT